## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

———————————————————————

|  |  |
|---|---|
| *In re*: | ) |
| | ) |
| | ) |
| Semra Bayram Williams, | ) |
| | ) |
| *Debtor*. | ) |
| | ) |

Case No. 18-32849-KLP

Chapter 7 Proceeding

———————————————————————

### APPLICATION TO EMPLOY AUCTIONEER AND MOTION TO APPROVE:
### (I) SALE OF PROPERTY OF THE ESTATE AND
### (II) COMPENSATION OF AUCTIONEER

Bruce E. Robinson, the Chapter 7 Trustee for the Bankruptcy Estate of Semra Bayram Williams (the "Chapter 7 Trustee"), by counsel, moves the Court pursuant to 11 U.S.C. §§ 105, 327, 363, 365 and Rules 2014, 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Rule(s)") to: (i) employ Motley's Asset Disposition Group ("Motley's") to advertise, list and sell certain personal Property (defined below) of the Bankruptcy Estate of Semra Bayram Williams (the "Debtor") and (ii) pay the commissions and expenses incurred in connection with the sale. In support thereof, the Chapter 7 Trustee states as follows:

### PARTIES

1.      On or about May 31, 2018, the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in this Court.

2.      On June 1, 2018, the Chapter 7 Trustee was appointed interim trustee, and he continues to serve as trustee.

———————————————————————

Robert H. Chappell, III, Esquire (VSB No. 31698)
Neil E. McCullagh, Esquire (VSB No. 39027)
Jennifer J. West, Esquire (VSB No. 47522)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
*Proposed Counsel for Bruce E. Robinson, Chapter 7 Trustee*
*for the Bankruptcy Estate of Semra Bayram Williams*

**JURISDICTION**

3.      This matter is a "core" proceeding as set forth under 28 U.S.C. § 157.

4.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1334.

**PROPERTY**

5.      The Debtor is the owner of certain items of personal property including nineteen

(19) firearms more particularly set out on the attached **Exhibit A**. (the "Property").

6.      The  Debtor's interest in the Property constitutes property of the Estate pursuant to

11 U.S.C. § 541.

7.      The Trustee has concluded that the Property should be liquidated for the benefit of

creditors.

8.      After examining multiple options for the sale of the Property, the Trustee now seeks

to engage Motley's to sell the Property.

**Application to Employ**

9.      The Trustee proposes to have Motley's advertise, list and sell the Property for the

benefit of the Debtor's Estate.

10.      The Trustee seeks to employ Motley's based on its experience and expertise in

selling similar assets.

11.      The Trustee proposes to compensate Motley's in accordance with standard industry

terms taking into account the particular assets being sold.  The proposed contract with Motley's

provides for an online auction (the "Auction") of the Property through which Motley's will receive

a commission in the amount of 10% of the sales price, plus a 10% buyer's premium to be charged

to the high bidder of each respective item.  If the Property does not sell at the Auction, the proposed

contract provides for the ability to extend the time in which Motley's may continue to list the

2

Property.  A copy of the Auctioneer Agreement for the Auction of Personal Property is attached hereto as **Exhibit B**.

12.      Motley's has no connection with the Debtor, or any creditor or other party in interest, their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee, nor does it hold any interest adverse to the Trustee or the Estate herein in the matters upon which it is be engaged.  An Affidavit of Disinterestedness containing these facts is attached hereto as **Exhibit C**.

### Motion to Approve Sale and Pay Costs

13.      The Trustee also seeks to approve the sale of the Property to a third-party upon the conclusion of the auction or traditional sale to an interested buyer, according to the business judgment of the Trustee.

14.      Based upon conversations with Motley's, the Trustee believes that the process for selling the Property will yield sufficient purchase prices. Furthermore, given the nature of the sales process, a requirement for further approval by the Court would likely hinder the purchase prices for the Property and reduce the recovery for the Debtor's estate. Therefore, the Trustee is seeking approval to sell the Property to the highest bidder and/or any third-party presenting a purchase offer the Trustee deems reasonable in the exercise of his business judgment.

15.      Following the payment or satisfaction of the routine costs associated with the sale of the Property, including any taxes due to the applicable locality and fees and commissions due to Motley's, the remaining proceeds from the sale shall be paid to the Debtor's estate as more specifically set forth below.

**WHEREFORE**, the Trustee, by counsel, hereby requests the Court to approve (i) the employment of Motley's to conduct an auction and/or sale of the Property; (ii) the sale of the

Property to the highest bidder in connection with the auction to be conducted by Motley's and/or to any third party presenting a purchase offer the Trustee deems reasonable in the exercise of his business judgment; (iii) the Trustee taking any reasonable action necessary to consummate the sales under the terms of the Auctioneer Agreement for the Auction of Personal Property, pay all fees, expenses and costs incurred in connection with the sale of the Property, including all fees or commissions due to Motley's; and (iv) granting such other relief as the Court deems just and proper.

DATED: June 4, 2019                      BRUCE E. ROBINSON, Chapter 7 Trustee for the
                                         Bankruptcy Estate of Semra Bayram Williams


                                         By: /s/ Jennifer J. West_____
                                                       Counsel

Robert H. Chappell, III, Esquire (VSB No. 31698)
Neil E. McCullagh, Esquire (VSB No. 39027)
Jennifer J. West, Esquire (VSB No. 47522)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:  (804) 697-2000
Facsimile:  (804) 697-2100
*Proposed Counsel for Bruce E. Robinson, Chapter 7 Trustee*
*for the Bankruptcy Estate of Semra Bayram Williams*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of June, 2019 a true copy of the foregoing Application to Employ Auctioneer and Motion to Approve: (I) Sale of Property of the Estate and (II) Compensation of Auctioneer was sent by first-class U.S. Mail, postage prepaid, and/or by electronic notification to the following and to all parties on the attached service list, constituting all necessary parties:

Semra Bayram Williams
3655 Ivyridge Drive
Chester, VA 23831
*Debtor*

Ross C. Allen, Esquire
Owen & Owens PLC
15521 Midlothian Turnpike #300
Midlothian, VA 23113
*Debtor's Counsel*

Bruce E. Robinson, Esquire
P.O. Box 538
South Hill, VA 23970-0538
*Chapter 7 Trustee*

John P. Fitzgerald, III, U.S. Trustee
Office of the US Trustee - Region 4-R
701 E. Broad Street, Ste. 4304
Richmond, VA 23219

Shannon Pecoraro, Esquire
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

/s/ Jennifer J. West

5

```
Label Matrix for local noticing        Afni                                    Ross C. Allen
0422-3                                  Attn: Bankruptcy                        Owen & Owens PLC
Case 18-32849-KLP                       Po Box 3097                             15521 Midlothian Turnpike #300
Eastern District of Virginia            Bloomington, IL 61702-3097              Midlothian, VA 23113-7313
Richmond
Mon Jun  3 11:40:45 EDT 2019

AmeriCredit/GM Financial                (p)AMERICREDIT FINANCIAL SERVICS DBA GM FINAN    Americredit Financial Services, Inc.Dba GM F
Attn: Bankruptcy                        PO BOX 183853                           P.O Box 183853
Po Box 183853                           ARLINGTON TX 76096-3853                 Arlington, TX 76096-3853
Arlington, TX 76096-3853

Amex                                    Cap1/justice                            Capital One
Correspondence                          Capital One Retail Srvs/Attn: Bankruptcy Attn: Bankruptcy
Po Box 981540                           Po Box 30258                            Po Box 30285
El Paso, TX 79998-1540                  Salt Lake City, UT 84130-0258           Salt Lake City, UT 84130-0285

Capital One Na                          Carmax Auto Finance                     Catherine Slater Crawford, Esq
Attn: General Correspondence/Bankruptcy Attn: Bankruptcy Department             P.O. Box 238
Po Box 30285                            Po Box 440609                           Upperville, VA 20185-0238
Salt Lake City, UT 84130-0285           Kennesaw, GA 30160-9511

Citibank/Shell Oil                      Comenity Bank/Victoria Secret           Comenity Bank/dots
Centralized Bankruptcy                  Attn: Bankruptcy Dept                   Attn: Bankruptcy Dept
Po Box 790034                           Po Box 182125                           Po Box 182125
St Louis, MO 63179-0034                 Columbus, OH 43218-2125                 Columbus, OH 43218-2125

Comenity Capital Bank/HSN               Comenity Capital/mprc                    Comenitybank/New York
Attn: Bankruptcy Dept                   Attn: Bankruptcy Dept                   Attn: Bankruptcy Dept
Po Box 18215                            Po Box 182125                           Po Box 182125
Columbus, OH 43218-0000                 Columbus, OH 43218-2125                 Columbus, OH 43218-2125

Commissioner of Revenue                 Dallas J Williams                       (p)DELL FINANCIAL SERVICES
P.O. Box 124                            3455 Ivyridge Dr                        P O BOX 81577
Chesterfield, VA 23832-0908             Chester, VA 23831-4954                  AUSTIN TX 78708-1577

Divaris Property Management Co          John P. Fitzgerald, III                 Genito Crossing Shopping Cente
200 S 10th St #1010                     Office of the US Trustee - Region 4 -R  11168 Hull St. Rd.
Richmond, VA 23219-4091                 701 E. Broad Street, Ste. 4304          Midlothian, VA 23112-3252
                                        Richmond, VA 23219-1849

Gurpal S. Bhuller                       Haynes Home Furnishing                  Heartland Payment Systems
c/o Kerry Brian Hutcherson              Attention: Legal                        1 Heartland Way
P.O. Box 58                             5324 Virginia Beach Boulevard           Jeffersonville, IN 47130-5870
Chesterfield, VA 23832-0001             Virginia Beach, VA 23462-1828

Kohls/Capital One                       Heather D. McGivern                     Merrick Bank/CardWorks
Kohls Credit                            Orlans PC                               Attn: Bankruptcy
Po Box 3120                             1650 W. Big Beaver Rd.                   Po Box 9201
Milwaukee, WI 53201-3120                Troy, MI 48084-3534                     Old Bethpage, NY 11804-9001
```

Sameera Navidi
Orlans PC
P.O. Box 2548
Leesburg, VA 20177-7754

Orlans PC
P.O. Box 2548
Leesburg, VA 20177-7754

PNC Bank, N.A.
PO Box 489909
Charlotte, NC 28269-0000


Pawnee Leasing Corp.
3801 Automation Way #207
Fort Collins, CO 80525-5735

Shannon Pecoraro
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219-1849

Bruce E. Robinson
P.O. Box 538
South Hill, VA 23970-0538


Kathryn E. Smits
Orlans PC
1602 Village Market Blvd. SE Suite 310
Leesburg, VA 20175-4716

Synchrony Bank/ JC Penneys
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/ Old Navy
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060


Synchrony Bank/Select Comfort
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/ShopNBC
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/TJX
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060


Target
Po Box 673
Minneapolis, MN 55440-0673

Target
Target Card Services
Mail Stop NCB-0461
Minneapolis, MN 55440-0000

Tejinder S. Grewal
c/o Kerry Brian Hutcherson
P.O. Box 58
Chesterfield, VA 23832-0001


(p)TIDEWATER FINANCE COMPANY
P O BOX 13306
CHESAPEAKE VA 23325-0306

UST smg Richmond
Office of the U. S. Trustee
701 East Broad St., Suite 4304
Richmond, VA 23219-1849

Universal Builders of America,
2323 Westbrooke Dr.
Columbus, OH 43228-9530


Virginia Family Dentistry
1612 Huguenot Rd.
Midlothian, VA 23113-2427

Wells Fargo Dealer Services
Attn: Bankruptcy
Po Box 19657
Irvine, CA 92623-9657

Wellsfargo
Attn: Bankruptcy
Po Box 9210
Des Moines, IA 50306-9210


Jennifer J. West
Spotts Fain PC
411 E. Franklin Street
Suite 600
Richmond, VA 23219-2200

Westviewfnsv
1068 Temple Ave
Colonial Heights, VA 23834-2981

Semra Bayram Williams
3655 Ivyridge Drive
Chester, VA 23831


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Americredit Financial Services, Inc.
Dba GM Financial
P.O Box 183853
Arlington, TX 76096

Dell Financial Services LLC
Attn: President/CEO
Po Box 81577
Austin, TX 78708-0000

Tidewater Finance Co
6520 Indian River Rd
Virginia Beach, VA 23464-0000

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)PNC Bank, National Association          (d)Bruce E. Robinson                    (u)Spotts Fain PC
                                           P.O. Box 538
                                           South Hill, VA 23970-0538


End of Label Matrix
Mailable recipients    53
Bypassed recipients     3
Total                  56

**<u>Exhibit A – Property List</u>**

| Make | S/N | Caliber | Type |
|---|---|---|---|
| 1. FNH | FX3U025345 | 45 Cal | Pistol |
| 2. Heckler & Koch | 23-018089 | 45 Mark 23 | Pistol |
| 3. Heckler & Koch | 222-015864 | 40 Cal VP40 | Pistol |
| 4. Sig Sauer | 45A030495 | P229 Elite | Pistol |
| 5. Heckler & Koch | 224-084795 | 9MM VP9 | Pistol |
| 6. Taurus | 1010465 | Judge | Pistol |
| 7. Mossberg 930 | AF115286 | 12 Gauge | Shotgun |
| 8. Remington | RR89995B | 308 Win Mag Model 700 AAC | Rifle |
| 9. Benelli | V71G482M | 12 Gauge Assault Pump | Shotgun |
| 10. Benelli | TM737681 | 12 Gauge Assault Auto | Shotgun |
| 11. Heckler & Koch | 242-301171 | 40 Cal | Pistol |
| 12. Ruger | 0002-5536 | 10/22 | Rifle |
| 13. Leupold | | Mark 4 Rifle Scope | Scope |
| 14. Sig Sauer | | Case Only | Case |
| 15. Smith & Wesson | N/A | 500 S&W Mag | Pistol |
| 16. FNH USA | 386295411 | 5.7x28 | Pistol |
| 17. FNH USA | 386296649 | 5.7x28 | Pistol |
| 18. Heckler & Koch | 23-018088 | 45 Cal Mark 23 | Pistol |

**Exhibit B – Auctioneer Agreement**

# AUCTIONEER AGREEMENT FOR
# THE AUCTION OF PERSONAL PROPERTY

THIS AGREEMENT, effective as of the 4th day of April, 2019, by and between  Bruce E. Robinson, Chapter 7 Trustee for Semra Bayram Williams (Bankruptcy Case No. 18-32849) referred to as "Seller," and Motley's Auctions, Inc., DBA Motley's Asset Disposition Group, 3600 Deepwater Terminal Road, Richmond, Virginia, 23234, VAAL #16 NCAL #5914, SCAL #3898, referred to as "Auctioneer," the parties agree as follows:

## 1.   Statement of Engagement

Seller engages Auctioneer to sell personal property at public auction, referred to as "Auction". Details of the Auction are described in the attachment of Project Details, "Attachment."  The personal property is listed in the Attachment and referred to as "Seller's Property."

## 2.   Auction Format

The Seller's Property shall be sold by the "Type of Auction" listed on the Attachment. Seller's Property shall be stored at "Location of Assets" listed on the Attachment.

## 3.   Date and Time of Auction

The Auction date and time shall be as specified in the Attachment.

## 4.   Duties and Obligations of Auctioneer

Pursuant to the Auction of Seller's Property under this Agreement, Auctioneer shall carry out the following duties and obligations:

(a)    Promotion and Advertising.   Auctioneer shall ensure a commercially reasonable Auction and advise persons who might reasonably be interested in such property and in the Auction thereof.

1

(b)    <u>Auction Without Reserve</u>.    Auctioneer shall represent and conduct the Auction as an Auction without reserve (meaning a minimum purchase price established by the Seller) for the property unless item(s) being sold with a reserve price is identified, and the reserve amount is noted in the Attachment listing the Seller's Property.

(c)    <u>Use of Best Effort</u>.    Auctioneer shall conduct the Auction to the best of its ability.  However, Auctioneer does not guarantee an Auction and Auctioneer is not responsible in the event Seller and/or any buyer at the Auction fail to live up to their respective agreements concerning any property to be Auctioned, or in the event of non-delivery of property by Seller to any such buyer.

(d)    <u>Accounting</u>.    At the completion of the Auction, the Auctioneer shall furnish Seller a complete list of all assets sold and the applicable Auction price(s) thereof.  After deducting the Auctioneer's commission and any expenses, the Auctioneer shall pay the Seller within ten (10) business days, the net amount due for all assets, <u>provided</u>, <u>however</u>, in the event that Auctioneer receives any notice or other claim to the assets or the proceeds in conflict with those of the Seller, Auctioneer may withhold a sufficient portion of the proceeds to cover the conflicting claims until satisfactory settlement.

(f)    <u>Title</u>. Auctioneer shall prepare any and all documents required to transfer title to Seller's Property, to the buyer of the same, including but not limited to Bills of Sale.  All Bills of Sale will reflect that the Auction of each and every piece of Seller's Property is on an as is, where is, basis without warranties of any type whatsoever other than title.

(g)    <u>Indemnification</u>. Seller shall be responsible for compliance with the provisions of Uniform Commercial Code, particularly those relating to bulk Auctions.  Seller will provide Auctioneer with a list of claimants to whom written notice must be given by Auctioneer

2

pursuant to such Code section and shall cooperate with Auctioneer to provide any and all information necessary to ensure Auctioneer's compliance with said section. Auctioneer shall not be responsible for any liability resulting from the failure of Seller to provide Auctioneer with accurate and complete information necessary to comply with these provisions. Seller shall indemnify and hold harmless Auctioneer for any third party claims and/or liability arising from Seller's failure to provide Auctioneer with accurate and complete information necessary to comply with these provisions.

**5.   Cooperation by Seller**

Seller shall in all respects cooperate with and further the interests of Auctioneer in discharging Seller's duties under this agreement as required by any applicable statute or regulation, and by this agreement, and shall refrain from all acts that would reasonably tend to interfere with Auctioneer in discharging Auctioneer's duties under this agreement or as required by statute or regulation.

**6.   Compensation of Auctioneer**

(a)    Compensation for Property Sold.  Auctioneer's compensation for selling Seller's Property is detailed in the Attachment. Seller shall promptly pay Auctioneer the compensation as detailed in the Attachment. Buyers shall be responsible for all costs associated with their purchases including removal, transportation, insurance, internet bidding costs, miscellaneous buyer's fees and Buyer's Premium associated with purchasing items in the auction and whether paid to the Auctioneer or others.  All compensation to be paid is subject to approval by the U.S. Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

(b)    Auction Postponement: If the Auction is postponed or caused to be postponed for any reason, beyond the control of Auctioneer, the Auctioneer shall be reimbursed for all expenses incurred including Auction postponement notices.  Auctioneer will have the right

3

to conduct a subsequent Auction of Seller's Property. In the event the Auction is postponed for 180 or more days, the Auction shall be deemed cancelled and be subject to paragraph 6 (c).

(c)    Auction Cancellation. If the Auction is canceled or caused to be canceled for any reason beyond the control of Auctioneer, including court order, the Seller shall pay Auctioneer all expenses as detailed in the Attachment, Auction cancellation notice expenses, plus all Auctioneer out-of-pocket expenses (e.g. advertising, set up and removal, etc.).

(d)    Post-Auction Remarketing: The Auctioneer reserves the right to market and sell any unsold items for a period of sixty (60) days after the Auction. Compensation shall be paid to the Auctioneer in accordance with paragraph (a), above.

## 7.  **Expenses**

Seller shall be liable for all expenses in the Attachment. Additionally, the Seller shall be responsible for all extraordinary expenses. Extraordinary expenses are for additional services requested of the Auctioneer by the Seller. The Auctioneer will obtain approval from the Seller for extraordinary expenses prior to the expenditure of the funds. The Auctioneer may deduct all expenses from any proceeds of the Auction.

## 8.  **Authority of Auctioneer**

The Auctioneer shall have full authority to conduct the Auction and to do whatever it deems necessary or appropriate to affect an advantageous Auction of the Seller's Property. Auctioneer agrees not to use any illegal, immoral, or unethical methods to affect an advantageous Auction of the assets.

## 9.  **Independent Contractor**

The Auctioneer agrees that all Services will be rendered by it as an independent contractor and that this Agreement does not create an employer-employee relationship between the Auctioneer

4

and the Seller. The Auctioneer shall have no right to receive any employee benefits provided by the Seller to its employees. Auctioneer agrees to pay all taxes due in respect of the Consultancy Fee and to indemnify the Seller in respect of any obligation that may be imposed on the Seller to pay any such taxes or resulting from Auctioneer's being determined not to be an independent contractor. This Agreement does not authorize the Auctioneer to act for the Seller as its agent or to make commitments on behalf of the Seller.

## 10. **Force Majeure**

Either Party to this Agreement shall be excused from any delay or failure in performance required hereunder if caused by reason of any occurrence or contingency beyond its reasonable control, including, but not limited to, acts of God, acts of war, fire, insurrection, strikes, lock-outs or other serious labor disputes, riots, earthquakes, floods, explosions or other acts of nature.  The obligations and rights of the Party so excused shall be extended on a day-to-day basis for the time period equal to the period of such excusable interruption. When such events have abated, the Parties' respective obligations hereunder shall resume.

## 11. **Risk of Loss**

The Auctioneer and/or any of its representatives shall not be responsible for loss or damage to Seller's Property governed by this agreement.

## 12. **Duties of Seller**

(a)     Representations and Warranties.  The Seller represents and warrants (i) that it has the full and complete right to sell the property governed by this agreement at public Auction;

(ii) that Seller has taken all steps necessary, including any requirements of presentment, redemption, notice and/or possession to permit the property governed by this agreement to be sold.

(b) <u>Misrepresentation</u>:  In the event of misrepresentation by Seller, Auctioneer reserves the right to withhold proceeds from the Auction for the item in dispute and arbitrate the Auction between the Buyer and the Seller.  The compensation to Auctioneer for the arbitration and Auction shall be based on the original selling price of the item misrepresented.

## 13. <u>Confidentiality</u>

All provisions and terms of this Agreement, and any information related thereto, whether printed, written, or oral, shall be held in confidence by all parties, their agents and employees, unless specifically related to information necessary to interested third party buyers to further the terms of this agreement.  The parties understand that this Agreement is subject to the approval of the Bankruptcy Court and must be filed with the Court in the subject bankruptcy case for which Seller is serving as Chapter 7 Trustee.

## 14. <u>Indemnification</u>

(a) <u>Auctioneer Not Responsible Or Liable For Property Damage</u>:  Auctioneer and its employees, agents, contractors, and representatives shall not be responsible or otherwise liable for any loss of, or damage to, the Seller's Property regardless of cause including, but not limited to, negligence by any person or entity, fire, theft, vandalism, storm or other act of nature or God, or any other type of casualty, damage, or destruction; provided, however, Auctioneer will be responsible for its own willful or negligent acts.

(b) <u>Auctioneer Not Responsible Or Liable For Injury Or Death</u>:  Auctioneer, its employees, agents, contractors, and representatives shall not be responsible or otherwise liable for any injury, loss, damage, and/or death that might occur to any person from any cause and occurring

6

at the Auction site at any time through the completion of the Auction and the final removal of the Property and the clean-up of the Auction Site; provided, however, Auctioneer will be responsible for its own willful or negligent acts.

**15. <u>Effect of Partial Invalidity</u>**

The invalidity of any portion of this agreement will not and shall not be deemed to affect the validity of any other provision.  In the event any provision of this agreement is held to be invalid, the parties agree that the remaining provisions shall be deemed to be in full force and effect as if they had been executed by both parties subsequent to the removal of the invalid provision.

**16. <u>Entire Agreement</u>**

This Agreement and all terms related to sale, constitutes the entire agreement between the parties, and any prior understanding or representation of any kind preceding the date of this agreement shall not be binding on either party except to the extent incorporated in this agreement.

**17. <u>Agreement Subject to Court Approval</u>**

This Agreement, including all terms related to sale of the Seller's Property, employment and compensation of Auctioneer, is subject to approval of the U.S. Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

I have read, understand, and accept the terms and conditions of this Agreement.

**AUCTIONEER:**

By: _____

Name: _Jeremy Lehman_ Title: _Operations Director_

3600 Deepwater Terminal Road, Richmond, VA 23234      (804) 232-3300

**SELLER:**

By: _____

Name: Bruce E. Robinson, Chapter 7 Trustee in Bankruptcy for Semra Bayram Williams

Address:      P.O. Box 538, South Hill, VA 23970 0538

Phone: (434) 447-7922      Email: bruce.robinsontr@gmail.com

8

## ATTACHMENT TO THE AGENT/AUCTIONEER AGREEMENT
## FOR THE AUCTION OF PERSONAL PROPERTY

### Project Details

**Seller's Property**:                     Misc. Firearms

**Type of Auction:**                     Online Only Auction

**Location of Assets:**              3600 Deepwater Terminal Road, Richmond VA 23234

**Date and Time
Of Auction:**                              TBD

**Auctioneer's Commission      10%** Seller's Commission (deducted from sale price of items
**For Property Sold:**                        sold).

**Buyer's Premium**:                Buyers will pay a ten percent (10%)  Buyer's Premium, in addition
to item purchase price, which is payable to Auctioneer, not Seller,
and is additional Auctioneer's income.)

**Advertising:**                     **$1500.00** (Advertising Budget for Online Only Auction)

9

**<u>Exhibit C – Affidavit of Disinterestedness</u>**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| *In re*: | ) | Case No. 18-32849-KLP |
| Semra Bayram Williams, | ) ) ) | Chapter 7 Proceeding |
| *Debtor*. | ) ) ) |  |

### AFFIDAVIT OF DISINTERESTEDNESS

COMMONWEALTH OF VIRGINIA
CITY / ~~COUNTY~~ OF _Richmond_, to wit:

      This day appeared personally before me, a Notary Public in and for the City / ~~County~~ of _Richmond_ of the Commonwealth of Virginia, Mark T. Motley, who, after being duly sworn stated as follows:

      1.    That he, Mark T. Motley, is the President & CEO of Motley's Asset Disposition Group. ("Motley's").

      2.    That Motley's is authorized to transact business, including, without limitation, auction services, in the Commonwealth of Virginia.

      3.    That neither he nor Motley's has any relation to the debtor, creditors, or parties-in-interest in the above-captioned bankruptcy case, and neither he nor Motley's has or holds any interest to the bankruptcy estate for the debtor in the above-captioned bankruptcy case.

      4.    That neither he nor Motley's has any relation to Bruce E. Robinson, Esquire, the Chapter 7 Trustee for the bankruptcy estate of Semra Bayram Williams.

MOTLEY'S ASSET DISPOSITION GROUP

By: _____
Name: _Mark T. Motley_
Title:  _President and CEO_

      SUBSCRIBED AND SWORN before me this _3_ day of June, 2019 by Mark T. Motley, whose title is President and CEO, on behalf of Motley's Asset Disposition Group.

My commission expires: _12/31/2022_
Notary Registration No.: _7600317_

_Barbara Gaessner_
Notary Public

1